UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-11765-RGS

ELMER E. CROSS

v.

COMMONWEALTH OF MASSACHUSETTS,
EXECUTIVE OFFICE OF LABOR AND WORFCE DEVELOPMENT,
DEPARTMENT OF UNEMPLOYMENT ASSISTANCE, AND
NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES

ORDER

October 10, 2018

STEARNS, D.J.

1. Plaintiff Elmer E. Cross's motion to recuse myself pursuant 28 U.S.C. §455(a) is <u>DENIED</u>. Under Section 455(a), "a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000). "[J]udges are not to recuse themselves lightly under § 455(a)." *Id.* at 45. Recusal is not warranted "[w]here the charge of bias reflects nothing more than 'dissatisfaction with a Court's rulings and case management.'" *United States v. Dembrowski*, 2011 WL 8335172, at *3 (D. Mass. July 19, 2011) (quoting *Fideicomiso De La Tierra del Cano Martin Pena v. Fortuno*, 631 F. Supp. 2d 134, 137 (D.P.R. 2009)). "[J]udicial

rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal.'" *In re Boston's Children First,* 244 F.3d 164, 168 n.7 (quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994)). Here, Cross asserts that I should recuse myself under §455(a) essentially because I ruled in favor of defendants in a prior action that resulted in dismissal of that action with prejudice. *See Cross v. Executive Office of Labor and Work Force Development et al.*, Civ. No. 12-10424-RGS.[1] He claims my dismissal of his action somehow demonstrates prejudice against a class of *pro se* parties in general, and Cross specifically. *Id.* Because the alleged grounds for recusal are primarily based upon his disagreement with the court's rulings, Cross has failed to state a sufficient basis for recusal and the motion is denied.

    2.    Cross's motion to amend the complaint is <u>DENIED</u> without prejudice as <u>MOOT</u> where the Court had ordered Cross to file an Amended Complaint on September 7, 2018, and he has filed an amended complaint.

    3.    The Clerk shall issue summonses for service of the Amended Complaint on defendants. The Clerk shall send the summonses, complaint, and this Order to Cross, who must thereafter serve the defendants in

---

[1] On July 16, 2013, I dismissed the action with prejudice. The dismissal was affirmed by the First Circuit Court of Appeals.

accordance with Federal Rule of Civil Procedure 4(m). Cross may elect to have service made by the United States Marshals Service. If directed by Cross to do so, the United States Marshals Service shall serve the summonses, complaint, and this Order upon the defendants, in the manner directed by Cross, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains Cross's responsibility to provide the United States Marshal Service with all necessary paperwork and service information. Notwithstanding, Fed. R. Civ. P. 4(m) and Local Rule 4.1, Cross shall have 90 days from the date of this Order to complete service, or this case will likely be dismissed.

                                          SO ORDERED.

                                        /s/ Richard G. Stearns
                                        UNITED STATES DISTRICT JUDGE