UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-11765-RGS

ELMER E. CROSS

v.

COMMONWEALTH OF MASSACHUSETTS, et al.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO DISMISS

May 1, 2019

STEARNS, D.J.

Elmer Cross, proceeding *pro se*, brought this lawsuit against his former employer – the Commonwealth of Massachusetts and two of its agencies, the Executive Office of Labor and Workplace Development (EOLWD)[1] and the Department of Unemployment Assistance (collectively the Commonwealth) – and his quondam union, the National Association of Government Employees (NAGE) Unit One, Local R1-292, and its President, John Mann. Cross alleges that defendants discriminated against him based on his disability and retaliated against him in violation of the Americans with

---

[1] Although the Second Amended Complaint also names the Office of Diversity and Equal Opportunity, the court does not treat it as an additional defendant because it is not a separate agency but rather an office within the EOLWD, and Cross has not served it. *See* MA Mem. (Dkt # 41) at 1 n.1.

Disabilities Act of 1990 (ADA), Title I of the Civil Rights Act of 1991, Section 504 of the Rehabilitation Act of 1973, Mass. Gen. Laws ch. 151B, § 4, and Massachusetts Executive Order No. 478.[2] Cross further alleges that NAGE and Mann breached the duty of fair representation by not "vigorous[ly]" representing him in two grievances and by doing "nothing" on his behalf against his employer's purported breaches of a collective bargaining agreement. Second Am. Compl. (Dkt # 34) ¶ 14. The Commonwealth and NAGE, separately, now move to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim.[3] For the reasons to be explained, defendants' motions to dismiss will be allowed.

---

[2] The court discerns these causes of action from the Second Amended Complaint, which is, at times, opaque.

[3] In the alternative, the Commonwealth moves for a more definite statement. The Commonwealth and NAGE further move to dismiss the Second Amended Complaint for insufficient service of process. On October 10, 2018, the court ordered that Cross complete service within 90 days (i.e., by January 8, 2019) or his case would "likely be dismissed." Dkt # 12 ¶ 3. Although the Commonwealth and NAGE were served on January 15 and 18, respectively, the court does not dismiss the Second Amended Complaint on that ground.

While Cross has not opposed either NAGE's or the Commonwealth's motions to dismiss, the court proceeds to analyze the merits of the Second Amended Complaint. *See Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) ("When deciding a 12(b)(6) motion, 'the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally

# BACKGROUND

The facts, viewed in the light most favorable to Cross as the nonmoving party, are as follows. In 2009, Cross was employed by the Commonwealth as a Job Specialist III. On September 4, 2009, he requested an accommodation for anxiety. On August 25, 2010, he received a partial accommodation. After his health worsened to include symptoms of diabetes and arthritis, he took medical leave from April 1, 2011 until May of 2014.[4] During this extended absence, Cross obtained five "Fitness for Duty Certificates" from his psychiatrist, Dr. Russell Vasile, which his employer purportedly ignored. *Id.* ¶ 11.[5]

On May 18, 2014, Cross returned to work as a Mail Clerk. In June of 2014, he contacted the President of NAGE, John Mann, to file a Step II grievance for reinstatement as a Job Specialist III. On January 26, 2015, he was transferred to the Department of Unemployment Assistance. At his performance review on August 6, 2015, a supervisor, Theresa DeMarco,

---

sufficient to state a claim.'"), quoting *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003).

[4] Cross later identifies his disability as "Anxiety, Atypical Depression, Osteoarthritis, [and] Type II Diabetes." Second Am. Compl. (Dkt # 34) ¶ 14.

[5] Cross alleges that he sought to return to work after March 1, 2012, but his employer did not allow him to do so.

stated that he met expectations. But later that day, he got into an argument with another supervisor, Luz Cepeda-Gonzales, over her criticisms of his work. As a result, Cross was immediately placed on "Involuntary Administrative Medical Leave of Absen[ce]." *Id.* ¶ 13. However, he was allowed to return to work after obtaining a "Fit for Duty Certification" from a doctor, which he submitted on September 19, 2015. *Id.* On February 18, 2016, he was placed back on the payroll, but was prohibited from working. On May 31, 2016, Cross was terminated allegedly for budgetary reasons.

On May 13, 2016, Cross filed a charge of discrimination with the Massachusetts Commission Against Discrimination (MCAD) and the Equal Employment Opportunity Commission (EEOC). *See* Dkt # 10-1.[6] He alleged that the EOLWD retaliated against him for pursuing a disability discrimination claim with the EEOC. After the MCAD found a lack of probable cause on April 6, 2018, Cross initiated this lawsuit on August 17,

---

[6] The court may consider the MCAD Charge and EEOC Notice of Suit Rights, along with the collective bargaining agreement, because they are referenced in the Second Amended Complaint. *See Lydon v. Local 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) ("On a motion to dismiss, . . . a judge can mull over 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'") (citations omitted and alteration in original).

4

2018.⁷ He contends that defendants engaged in disability discrimination and retaliation, and that NAGE and Mann breached the duty of fair representation.

## DISCUSSION

Defendants move to dismiss this action for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Cross, therefore, bears the burden of proving that the court has jurisdiction. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). To determine if Cross has met his burden, the court "glean[s] the relevant background information from the plaintiff['s] [second] amended complaint, accepting the well-pleaded factual averments contained therein and indulging all reasonable inferences in the plaintiff['s] favor." *Muniz-Rivera v. United States*, 326 F.3d 8, 11 (1st Cir. 2003).

Defendants also move to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

---

⁷ NAGE argues that Cross did not initiate this lawsuit against it until September 8, 2018, more than 90 days after the EEOC issued the Notice of Suit Rights. However, Cross's original complaint, which named NAGE as a defendant, was filed on August 17, 2018. *See also* Fed. R. Civ. P. 15(c)(3).

5

plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013), quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

### *ADA and Mass. Gen. Laws ch. 151B*

Cross alleges that defendants discriminated against him based on his disability and then retaliated against him in violation of the ADA and Chapter 151B. However, these claims against the Commonwealth and NAGE both fail, but for different jurisdictional reasons.

The claims against the Commonwealth must be dismissed because of sovereign immunity. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Am. XI. "The Supreme Court . . . has expanded the doctrine of sovereign immunity beyond the literal words of the Eleventh Amendment, holding that state governments, absent their consent, are not only immune

from suit by citizens of another state, but by their own citizens as well." *Guillemard Ginorio v. Contreras Gomez*, 585 F.3d 508, 529 n.23 (1st Cir. 2009), citing *Alden v. Maine*, 527 U.S. 706, 728-729 (1999). The Supreme Court has also specifically held that "Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I" of the ADA. *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 n.9 (2001).[8] The Commonwealth and two of its agencies are therefore immune from suit under the ADA and Chapter 151B because they neither consented to this action nor waived sovereign immunity. *See Murphy v. Massachusetts - Exec. Office of Trial Court*, 335 F. Supp. 3d 137, 144-145 (D. Mass. 2018) (dismissing plaintiff's ADA and Chapter 151B claims against the Commonwealth because of sovereign immunity).

The claims against NAGE and Mann must be dismissed because Cross failed to exhaust his administrative remedies.[9] Claims under the ADA and

---

[8] Although Cross also seeks injunctive relief, his claim is still barred. *See Irizarry-Mora v. Univ. of Puerto Rico*, 647 F.3d 9, 11 n.1 (1st Cir. 2011) ("In the absence of consent, waiver, or abrogation, the Eleventh Amendment bars suit against states themselves regardless of the form of relief sought.").

[9] The ADA claim against Mann fails for the additional reason that individuals are not liable under the ADA. *See Fink v. Printed Circuit Corp.*, 204 F. Supp. 2d 119, 129 (D. Mass. 2002) (dismissing the ADA claims against the individual defendants because the ADA's "definition of employer extends

7

Chapter 151B must be administratively pursued with the MCAD or the EEOC before filing a lawsuit. *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir. 1999); *Everett v. 357 Corp.*, 453 Mass. 585, 599-600 (2009). The administrative filing requirement serves the dual purpose of providing a defendant with notice and of giving the agency an opportunity to investigate and conciliate the claim. *Id.* at 600; *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996). Although Cross filed an MCAD charge against the EOLWD, he did not name NAGE or Mann as defendants.[10] *See* Dkt # 10-1. The discrimination claims against them therefore fail as a matter of law.[11]

---

to agents so as 'to ensure employer liability, and reject individual liability'") (citation omitted); *Orell v. UMass Mem'l Med. Ctr., Inc.*, 203 F. Supp. 2d 52, 64 (D. Mass. 2002) ("Although the First Circuit Court of Appeals has declined to determine whether individuals can be held liable under the federal anti-discrimination statutes, almost all circuits that have addressed the issue have determined that individual liability is not authorized. Most district courts in this circuit have also determined that the statutes do not invoke individual liability.") (citations omitted).

[10] Cross blames the MCAD investigator for failing to name NAGE, but it was his responsibility to do so. Pl.'s Opp'n (Dkt # 30) at 2.

[11] The court recognizes that a plaintiff need not always name a party in an EEOC proceeding to bring a civil action under the ADA, *see McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 505 (1st Cir. 1996) ("Although generally a plaintiff must name a defendant in the proceedings before the EEOC in order to proceed against that defendant in federal court under Title VII, this charging requirement is subject to exceptions."), but concludes that none of the exceptions apply here, *see id.* (finding that the charging requirement is not jurisdictional if there is a "substantial identity" between the EEOC

### *Title I of the Civil Rights Act*

Cross also alleges that defendants violated Title I of the Civil Rights Act. However, the Act does not create an independent cause of action, but rather provides "a major expansion in the *relief* available to victims of employment discrimination." *Landgraf v. USI Film Prod.*, 511 U.S. 244, 255 (1994) (emphasis added). In other words, it "merely expands the *remedies* available under substantive acts and should only be regarded as an extension of and amendment thereto." *Presutti v. Felton Brush, Inc.*, 927 F. Supp. 545, 550 (D.N.H. 1995) (emphasis added). Thus, having already dismissed the ADA claim, the court must also dismiss the Civil Rights Act claim. *See Rivera Concepcion v. Puerto Rico*, 682 F. Supp. 2d 164, 172 (D.P.R. 2010) ("Plaintiffs . . . misunderstand basic applications of the law, trying to raise a 'claim' pursuant to a section of a statute pertaining exclusively to remedies.").

### *Section 504 of the Rehabilitation Act*

Cross further alleges that defendants violated Section 504 of the Rehabilitation Act. To state such a claim, Cross "must show that []he is disabled; (2) that []he sought services from a federally funded entity; (3) that []he was 'otherwise qualified' to receive those services; and (4) that []he was

---

respondent and the defendants in a civil action or if a court finds waiver, estoppel, or equitable tolling).

denied those services 'solely by reason of [his] . . . disability.'" *Lesley v. Hee Man Chie*, 250 F.3d 47, 53 (1st Cir. 2001), quoting 29 U.S.C. § 794(a).

Here, Cross does not allege that either NAGE or Mann are "federal agencies, contractors [or] recipients of federal financial assistance." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004).[12] Nor has Cross alleged that the Commonwealth and two of its agencies are federally funded. *See Jenkins v. Bos. Hous. Court*, 350 F. Supp. 3d 1, 6 (D. Mass. 2018) ("Absent any allegation that defendant BHC is the recipient of federal funding, plaintiff has failed to allege an element of a § 504 claim[.]"). Cross, therefore, fails to state a valid Rehabilitation Act claim against defendants.

### *Massachusetts Executive Order No. 478*

Cross additionally alleges that defendants violated Executive Order No. 478. Implemented on January 30, 2007, the Order provides that "[n]on-discrimination, diversity, and equal opportunity shall be the policy of the

---

[12] The claim against Mann fails for the additional reason that individuals are not liable under the Rehabilitation Act. *See Mitchell v. Massachusetts Dep't of Correction*, 190 F. Supp. 2d 204, 213 (D. Mass. 2002) ("While '[t]he First Circuit Court of Appeals and the Supreme Court have yet to decide th[e] issue of individual liability[,] . . . the majority of circuits that have confronted this issue [have held] that no personal liability can attach to agents and supervisors under . . . the Rehabilitation Act.'"), quoting *Castro Ortiz v. Fajardo*, 133 F. Supp. 2d 143, 150-151 (D.P.R. 2001).

Executive Branch of the Commonwealth of Massachusetts in all aspects of state employment, programs, services, activities, and decisions."

Cross's claim, however, fails for several reasons. First, the Order did not create a private right of action. Second, the Order was superseded on February 7, 2011 by Executive Order 526, and is therefore no longer in effect. Third, the Order did not even apply to NAGE or Mann because they are not "state agencies in the Executive Branch."

### ***Duty of Fair Representation***

Cross alleges, in effect, that NAGE and Mann breached the duty of fair representation because they (1) were "negligent" in not "vigorous[ly] defend[ing]" him in two grievances and (2) "did nothing" on his behalf to challenge his employer's breaches of the collective bargaining agreement. Second Am. Compl. (Dkt # 34) ¶ 14. "A union has a duty to represent its members fairly in connection with issues that arise under a collective bargaining unit." *Nat'l Ass'n of Gov't Employees v. Labor Relations Comm'n*, 38 Mass. App. Ct. 611, 613 (1995). A union breaches that duty "if its actions toward an employee are 'arbitrary, discriminatory, or in bad faith.'" *Cappellano v. Massachusetts Bay Transp. Auth.*, 38 Mass. App. Ct. 231, 234 (1995), quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

Cross has not plausibly pled that NAGE breached the duty of fair representation. The first allegation of negligence for not adequately representing him is insufficient. *See Goncalves v. Labor Relations Comm'n*, 43 Mass. App. Ct. 289, 294 (1997) ("[O]rdinary negligence may not amount to a denial of fair representation[.]") (citation omitted).[13] The second allegation of failing to contest his employer's breaches similarly falls short, especially given NAGE's "considerable discretion not to pursue a grievance." *Graham v. Quincy Food Serv. Employees Ass'n*, 407 Mass. 601, 606 (1990). Cross does not specifically allege that NAGE's inaction was "improperly motivated, arbitrary, perfunctory or demonstrative of inexcusable neglect." *Id.* (citations omitted).

Nor has Cross stated a valid claim against Mann. As the President of NAGE, Mann is immune from personal liability for union activities conducted within the collective bargaining process. *See Montplaisir v. Leighton*, 875 F.2d 1, 4 (1st Cir. 1989) ("With monotonous regularity, court after court has . . . foreclose[d] state-law claims, however inventively cloaked, against individuals acting as union representatives within the ambit of the collective bargaining process."); *Best v. Rome*, 858 F. Supp. 271, 276 (D.

---

[13] Also, as NAGE notes, the two grievances remain pending. NAGE Mem. (Dkt # 38) at 13.

Mass. 1994), *aff'd*, 47 F.3d 1156 (1st Cir. 1995) ("[T]o the extent that defendants acted on behalf of the union during the collective bargaining process, they are immune from liability.").

**ORDER**

For the foregoing reasons, defendants' motions to dismiss are ALLOWED with prejudice.[14]  The Clerk will enter judgment for defendants and close the case.

        SO ORDERED.

        /s/ Richard G. Stearns
        UNITED STATES DISTRICT JUDGE

---

[14] Having so concluded, the court need not reach the Commonwealth's alternative motion for a more definite statement.